# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAMIKA JONES, et al., etc., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0622-WS-B |
| | ) |
| COTY, INC., etc., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiffs' objection to an order entered by the Magistrate Judge. (Doc. 97). The defendants have filed responses and the plaintiffs a reply, (Docs. 108-10), and the objection is ripe for resolution.

The plaintiffs object to the order of the Magistrate Judge granting the defendants' identical motions for an extension of time to disclose experts. (Doc. 96). The plaintiffs describe this order as a report and recommendation, (Doc. 97 at 6), but it is not; instead, it is an order on a non-dispositive pretrial matter. "A judge of the court may reconsider any pretrial matter [on a non-dispositive issue] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

As the Court has repeatedly noted, [t]he 'clearly erroneous or contrary to law' standard of review is extremely deferential. ... Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ... With respect to the 'contrary to law' variant of the test, an order is

contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Cordova v. R&A Oysters, Inc.*, 2016 WL 3102224 at *1 (S.D. Ala. 2016) (internal quotes omitted). The Court has also noted that, "[i]n reviewing a magistrate judge's nondispositive ruling, this Court does not consider matters not placed before that judge." *White v. Thyssenkrupp Steel USA, LLC*, 2010 WL 2042331 at *2 (S.D. Ala. 2010) (internal quotes omitted).

This action ("*Jones*") was filed by a single plaintiff in December 2016. (Doc. 1). An identical suit ("*Bowens*"), filed in the Middle District of Alabama in March 2017 by the same counsel representing the *Jones* plaintiff, was transferred to this District in May 2017 and promptly consolidated into *Jones* on the plaintiffs' motion. (Docs. 25, 27). A third identical suit ("*Caddell*"), filed in the Northern District of Alabama in February 2017 by the same counsel, was likewise transferred to this District in May 2017 and promptly consolidated into *Jones* on the plaintiffs' motion. (Docs. 29, 30).

In June 2017, the Magistrate Judge entered a Rule 16(b) scheduling order, providing for the disclosure of defense experts pursuant to Rule 26(a)(2) no later than December 15, 2017. (Doc. 36 at 2).

A fourth identical suit ("*Franks*"), filed in the Southern District of Mississippi in May 2017 by the same counsel, was transferred to this District in July 2017 and promptly consolidated into *Jones* on the plaintiffs' motion. (Docs. 41, 43).

A fifth identical suit ("*Taylor*") was filed in the Western District of Louisiana in October 2017 by the same counsel. Although Taylor's counsel emailed a courtesy copy of the *Taylor* complaint to defense counsel in this action two days after suit was filed, (Doc. 97 at 3), at least one defendant was not served until December 2017. (Doc. 59 at 1). On December 13, 2017, the defendants herein moved for a 90-day extension of all remaining deadlines in the scheduling order, including the deadline for disclosing experts, based on the expectation that *Taylor* would be transferred to this District and consolidated into *Jones*. (Doc.

59). The record discloses no opposition by the plaintiffs to this motion, which the Magistrate Judge granted on December 19, 2017 following a telephone conference. The new deadline for the defendants' Rule 26(a)(2) disclosures was established as March 15, 2018. (Doc. 61 at 1). The parties were "cautioned that there will be no further extensions absent a showing of extraordinary circumstances." (*Id.*).

The defendants filed an unopposed motion to transfer *Taylor* on December 18, 2017. (Doc. 82 at 2). That motion was granted on February 7, 2018. (Doc. 66 at 1, 9-10). *Taylor* was transferred and opened as a new civil action in this District on February 14, 2018. *Taylor v. Coty, Inc.*, Civil Action No. 18-0070-WS-B (Doc. 7). On March 12, 2018, the plaintiffs moved to consolidate *Taylor* into *Jones*, which motion the Court granted on March 19, 2018. (Docs. 73, 85).

Meanwhile, on March 15, 2018 (the deadline for their Rule 26(a)(2) disclosures), the defendants filed both a notice of service of initial expert witness disclosures, (Doc. 81), and separate but identical motions to extend the deadline for disclosing expert witnesses. (Docs. 76-80). The motions noted that *Taylor* was not yet part of *Jones* but presumably soon would be; that the defendants anticipated naming Taylor's treating physicians and medical providers as expert witnesses, with their identities as yet unavailable; and that any expert retained by the defendants would need to have information regarding Taylor's history of using the subject product and similar products. (*Id.*).

The plaintiffs filed two briefs in opposition. Both asserted without explanation that the defendants had not demonstrated good cause for purposes of Rule 16(b)(4) or extraordinary circumstances for purposes of the Magistrate Judge's order of December 19, 2017. Both also argued that the defendants were required to move for an extension of time as soon as they believed an extension "might be beneficial to them" and that their failure to file their motion until the March 15 deadline negated good cause or extraordinary circumstances. (Docs. 82, 83).

In her order, (Doc. 96), the Magistrate Judge acknowledged the prevailing "good cause" standard and its "due diligence" component. She noted the plaintiffs' argument that the defendants had long anticipated that *Taylor* would be transferred to this District and consolidated into *Jones*, and further noted that plaintiffs' counsel provided defense counsel with Taylor's medical records prior to transfer.[1] The Magistrate Judge nevertheless focused – as does the Court – on the critical fact that *Taylor* was not a part of *Jones*, and thus was not subject to the scheduling orders in *Jones*, until after the March 15 deadline had passed. (Doc. 96). That is, the defendants could not have been under order in *Jones* to disclose expert witnesses regarding Taylor before Taylor was made a plaintiff in *Jones* by consolidation.

The Magistrate Judge's order gave the defendants until April 13, 2018 within which to make their expert disclosures. (Doc. 96 at 5). The defendants had already, on March 15, 2018, timely identified two expert witnesses, who were treating physicians of Franks and Jones. (Doc. 98-1 at 2). After the Magistrate Judge's order, and just two days after Taylor served discovery responses, the defendants timely identified a single additional expert – one of Taylor's treating physicians. (Docs. 100, 103, 108 at 1). As noted above, this was an expert the defendants were under no obligation to identify until after *Taylor* was consolidated into *Jones*.

Neither before the Magistrate Judge nor before the Court have the plaintiffs offered any legal authority in support of their facially implausible *ipse dixit* that a party with reason to believe a new case will be consolidated into a separate, existing case must immediately treat the new case as already subject to orders in the existing case and must comply with those orders or be foreclosed from showing good cause for relief from them after consolidation occurs. Nor have

---

[1] This information presumably was presented at the discovery hearing, since it is not mentioned in the parties' briefs.

4

they identified any legal authority for the unlikely proposition that a party must move to amend a scheduling order immediately upon first realizing it may need an extension of a deadline and that it forfeits extension if it does not so move until the deadline arrives.[2] Watering down the argument to one of "at least put[ting] the Court on notice … that such an extension may or would likely be necessary in the future," (Doc. 97 at 11), does not cure its fatal defect. Because it is the plaintiffs' burden to show that the Magistrate Judge's ruling was contrary to law,[3] and not the Court's burden to conjure up precedent or analysis to support their *ipse dixit*, their objection must fail.

As often happens when parties object to a Magistrate Judge's ruling, the plaintiffs raise before the Court several arguments they omitted from their two briefs in opposition to the defendants' motions. As previously noted, the Court "does not consider matters not placed before" the Magistrate Judge. *White*, 2010 WL 2042331 at *2.[4]

Even were they to be considered, the plaintiffs' untimely arguments would fail on their merits. The argument that the defendants have been generally lazy in

---

[2] It is not difficult to envision the avalanche of unnecessary, defensive motions that would be pointlessly filed in every case if litigants feared they could be denied an extension of time simply because they did not move for such an extension immediately upon realizing that an extension "might" be needed. (Doc. 82 at 2; Doc. 97 at 14).

[3] The plaintiffs appear to assume that the defendants bear the burden before the Court. (Doc. 110 at 2). They are mistaken. The Court may reconsider the Magistrate Judge's order only if "it has been shown" to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). It is of course the challenging party – here, the plaintiffs – that must make this showing. The plaintiffs' misunderstanding as to the allocation of burden presumably derives from their mischaracterization of the Magistrate Judge's order as a report and recommendation, which would be subject to *de novo* review upon proper objection. *Id*. § 636(b)(1)(B).

[4] The Court is aware that the Magistrate Judge conducted a discovery hearing. The plaintiffs, however, have not identified any argument they made at the hearing, and the Court does not bear the responsibility of listening to the 75-minute-long recording of the hearing in order to determine, on the plaintiffs' behalf, whether they orally presented arguments not made in their briefs before the Magistrate Judge.

their conduct of discovery, (Doc. 97 at 2, 3, 4, 11-12), would fail because the plaintiffs point to no legal authority supporting their implicit but doubtful premise that if a litigant is not diligent in some aspects of its case, it must be deemed to have lacked diligence in another aspect of that case or of a separate case. The argument that the defendants' "expect[ation]" of submitting discovery requests to Taylor and naming her health care providers as expert witnesses was mere "speculation and conjecture," (*id*. at 13), would fail given that the defendants apparently followed exactly that course with respect to the other plaintiffs, (Docs. 62-65; Doc. 98-1 at 2), and then, consistent with their expectation, named Taylor's treating physician as an expert witness two days after receiving her discovery responses. (Docs. 100, 103, 108 at 1).

The plaintiffs are frustrated that the Magistrate Judge's order granted the defendants additional time to name not only treating physicians as experts but also a retained expert. They justifiably fume that the defendants had many months before March 15, 2018 – including four months after the plaintiffs identified their experts – within which to name a retained expert and that defense counsel at the discovery hearing could not articulate any good reason for the defendants' failure to accomplish this task in the unusually long amount of time they had already been granted. (Doc. 97 at 8-10). The Magistrate Judge's order does not expressly address why she was extending the deadline with respect to retained experts, but her reasoning presumably was that, because the defendants were not obligated to identify experts as to Taylor until after *Taylor* was consolidated into *Jones*, any expert usable as to Taylor – both treating physicians and retained experts – could be identified following consolidation. Once again, the plaintiffs have identified no legal authority or principle that renders the Magistrate Judge's ruling in this regard clearly erroneous or contrary to law. The question, moreover, is apparently moot, since the extended deadline for expert disclosures has passed without the defendants identifying any retained expert. (Doc. 108 at 1).

6

In their reply brief, the plaintiffs advance yet another new argument – that the Magistrate Judge committed clear error by formulating a rationale justifying her decision that had not been articulated by the defendants. (Doc. 110). As this Court has ruled many times, "[d]istrict courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Gross-Jones v. Mercy Medical*, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining rationale). Because the plaintiffs offer no reason the Court should stray from this rule, it will not do so.

Even had this argument been timely raised in the plaintiffs' principal brief, it would fail for at least three reasons. First, the Magistrate Judge did not in fact formulate a rationale not advanced by the defendants. In their motions, the defendants argued for an extension because *Taylor* had not yet been consolidated into *Jones* and because, once consolidation occurred, they would want to pursue formal discovery before disclosing expert witnesses. (Docs. 76-80). The Magistrate Judge ruled that the motions should be granted because discovery regarding Taylor's claims was delayed until after the March 15 deadline. (Doc. 96 at 4-5). It is difficult to imagine a tighter fit between proposed rationale and adopted rationale.[5]

Second, the plaintiffs have not shown (or attempted to show) that the defendants did not articulate a rationale similar to that of the Magistrate Judge during the 75-minute-long discovery hearing.[6]

---

[5] The plaintiffs complain that the defendants did not employ the phrase, "good cause," in their motions, leaving it to the Magistrate Judge to rule that this standard was met without its invocation by the defendants. (Doc. 110 at 4). Good cause is not a rationale but a label; in any event, the plaintiffs themselves injected the phrase into the discussion, (Docs. 82, 83), mooting any failure by the defendants to do so.

[6] Similarly, they have not attempted to show that the defendants did not invoke "good cause" at the hearing.

Third, the plaintiffs have not shown that a court has no *authority* to fill in gaps in a litigant's argument (such that doing so could be reversible error), only that it has no *obligation* to do so.[7]

For the reasons set forth above, the Magistrate Judge's order granting the defendants an extension of time within which to make their Rule 26(a)(2) disclosures is **affirmed**.

DONE and ORDERED this 27th day of April, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[7] The plaintiffs focus on *Fils v. City of Aventura*, 647 F.3d 1272 (11th Cir. 2011), and decisions of this Court citing *Fils*. While *Fils* stated that "district courts cannot concoct or resurrect arguments neither made nor advanced by the parties," *id*. at 1284, it equated "argument" with "particular theory of liability," *id*., and it relied for this proposition on *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1325 (11th Cir. 2000), which opinion it similarly described as "finding that the plaintiffs abandoned a *claim* because they did not present the *argument* to the district court." 647 F.3d at 1284 (emphasis added). It is unremarkable that a court cannot create or revive a claim the parties have not properly pleaded or preserved, but that is not what the Magistrate Judge is accused of doing.

Nor has this Court employed *Fils* in the manner suggested by the plaintiffs; on the contrary, when it has cited *Fils*, the Court has also – including in the cases cited by the plaintiffs – stated that it "does not" or "will not" develop a party's legal arguments. The Court's oft-repeated statement of the rule (found in over 100 of its opinions on Westlaw) is that "'there is *no burden* upon the district court to distill every potential argument that could be made based upon the materials before it …,' and the Court accordingly limits its review to those arguments the parties have expressly advanced." *Coleman v. Unum Group Corp.*, 207 F. Supp. 3d 1281, 1284 (S.D. Ala. 2016) (emphasis added) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)). All of these terms patently express lack of obligation, not lack of power, as do the additional authorities cited by the plaintiffs. *E.g., Pears v. Mobile County*, 645 F. Supp. 2d 1062, 1081 n.27 (S.D. Ala. 2009) (this Court has "no burden" and is "under no duty" to create arguments for the parties and thus "declines" and "will not" do so on their behalf).