# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHAMIKA JONES**, *et. al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | * CIVIL ACTION NO. 16-00622-WS-B |
| | * |
| **COTY, INC.**, *et. al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Defendants' Motion to Dismiss the claims asserted by Plaintiff, Shamika Jones. (Doc. 132). For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED,** and that Shamika Jones' claims be **DISMISSED** for failure to prosecute and obey the Court's orders.

### I. BACKGROUND

On December 16, 2016, Shamika Jones (hereinafter "Plaintiff" or "Jones"), through counsel, filed a complaint against Defendants alleging "Unjust Enrichment (Count I), Violation of the Magnuson-Moss Warranty Act (Count II), Breach of Express Warranty (Count III), Breach of Implied Warranty (Count IV), violation of the Alabama Deceptive Trade Practice Act (Count V), Fraud (Count VI), and Negligent Design and Failure to Warn (Count VII)" related to

Defendants' purported failure to adequately warn of the risks, side effects, and injuries associated with using Clairol hair dye. (Doc. 1 at 2, 6-9). In her complaint, Jones also sought to assert claims on behalf of similarly situated individuals. (Doc. 1).

On May 16, 2018, Jones' former counsel filed a motion to withdraw as her counsel after Jones terminated their services. (Doc. 122). In an order dated May 17, 2018, the Court granted the request to withdraw, and granted Jones leave, until May 31, 2018, to retain new counsel or, in the alternative, to advise the Court of her intent to proceed *pro se*. (Doc. 123 at 2). Jones was cautioned that failure to comply with the Court's order would result in a recommendation that her claims be dismissed for failure to prosecute. (Id.).

Jones failed to comply with the Court's order dated May 17, 2018, and as a result, on June 6, 2018, the Court issued an order directing Jones to show cause, by June 18, 2018, why her claims should not be dismissed for failure to prosecute and obey the Court's order dated May 17, 2018. (Doc. 129). Jones did not comply with the Court's order dated June 6, 2018. Further, Jones' copy of the Court's orders have not been returned to the Court, and she has not sought additional time in which to comply.

On June 22, 2018, Defendants filed the instant motion seeking dismissal of Jones' claims under Federal Rule of Civil Procedure 41 for Jones's failure to prosecute and comply with this Court's orders. (Doc. 132). In an order dated June 25, 2018 (doc. 135), Jones was directed to file a response by July 6, 2018; once again, she has failed to comply with the Court's order. Under the circumstances presented, the undersigned finds that no sanction short of dismissal will suffice.

## II. **DISCUSSION**

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. See, e.g., Hudson v. Cardwell Corp., 2006 WL 2135791 at *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal

3

Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure.  See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule.").  Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions."  Id.

As set forth above, Jones has repeatedly failed to comply with orders of this case.  The record demonstrates that Jones chose to terminate her counsel, and that although she was afforded ample time and multiple opportunities to retain new counsel or advise the Court of her intent to proceed *pro se*, she failed to acknowledge, let alone comply with, the above-referenced orders of this Court. At this juncture, it appears that Jones has lost interest in this case, such that nothing short of dismissal will suffice. Accordingly, due to Jones's failure to comply with this Court's orders (docs. 123, 129, 135) and failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, it is **RECOMMENDED** that Plaintiff Shamika

Jones's claims be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (doc. 132) be **GRANTED,** and that the claims asserted by Plaintiff Shamika Jones be **DISMISSED**[1].

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

---

[1] Since the filing of this action, a four other actions were transferred to this Court, and consolidated with this action.  The instant report and recommendation has no bearing on those claims. (Docs. 27, 30, 43, 85).

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **July, 2018.**

                                         **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**