**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | |
|---|---|
| SHAMIKA JONES, *et al.*, on behalf of<br>themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COTY, INC., a Delaware Corporation;<br>*et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   **Civil Action No.: 1:16-cv-00622-WS-B**<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OBJECTION AND RESPONSE IN OPPOSITION TO**
**DEFENDANTS MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**
**ON CERTAIN CLASS CLAIMS [DE 136]**

COME NOW Plaintiffs, Diane Bowden ("Plaintiff Bowden"), Carrie Bowens ("Plaintiff Bowens"), Breonna Franks ("Plaintiff Franks") and Tara Taylor ("Plaintiff Taylor") (*cumulatively* "Plaintiffs") and file this *Objection and Response in Opposition to Defendants' Motion to Dismiss and/or for Summary Judgment on Certain Claims* [DE 136] and, in support thereof, would show as follows:

## I.      INTRODUCTION

On June 26, 2018, Plaintiff Bowden and Plaintiff Bowens filed their *Motion for Class Certification*, fully briefed with exhibits, seeking class certification under FEDERAL RULE OF CIVIL PROCEDURE 23 for their legal claims that Defendants have violated, and continue to violate, the ALABAMA DECEPTIVE TRADE PRACTICES ACT ("the ADTPA") [CODE OF ALA. § 8-19-1, *et seq.* (1975).]. See [DE 143, fully briefed with Exhibits]. Neither Plaintiff Franks nor Plaintiff Taylor are parties to the *Motion for Class Certification* [DE 143].

On June 26, 2018, Defendants filed the present petition [DE 136] which purports to address class claims, as well as four (4) other, separate motions for summary judgment as to each plaintiff's individual claims [DE 139, 140, 141, and 142].

**A.     Plaintiffs Object to and Request the Court Strike and/or Disregard Defendants' Subsequent Motions for Summary Judgment as to the Respective Plaintiffs' Individual Claims [DE 139, DE 140, 141, and 142] as Repetitive and Duplicative**

Defendants' present petition, although styled as *Motion & Brief for Dismissal and/or for Summary Judgment on Certain **Class Claims***, actually affirmatively challenges the respective Plaintiff's *individual claims*, as well as class claims:

> Therefore, no MMWA claim, **pled individually or on behalf of a purported class**, is within this Court's jurisdiction, … .

See [DE 136, p.8, § II.A.] (*emphasis added*).

> **Neither Franks, nor** any Mississippi members of the putative class, **can seek recovery under these added causes of action**.

*Id.*, p.13, § IV.] (*emphasis added*).

> **Franks'** **fraud claim is … governed by the MPLA**.

*Id.*, p.14 (*emphasis added*). As to Plaintiff Taylor:

> Therefore, **all aspects of the breach of warranty claim are preempted** by the LPLA.

*Id.*, p.17, § V. (*emphasis added*).

> **Barring these claims by Taylor, or** any Louisiana member of the putative class, … .

*Id.*, p.18. (*emphasis added*).

Plaintiffs adamantly object to the offering of multiple, duplicative summary judgment motions directed to their individual claims by virtue of the present petition *and* the subsequently filed summary judgment motions [DE 139, 140, 141, and 142], which are simply a "re-packaging" of the arguments presently at issue. Defendants' subsequent motions have no utility;

they re-brief, reargue and reiterate the same issues already articulated in their present petition [DE 136].[1] Defendants' improperly seek to parlay their subsequent motions [DE 139, 140, 141, and 142] into a "second bite at the apple" in case the present petition does not survive scrutiny in its current configuration. The Court should strike and/or disregard Defendants subsequently filed, redundant motions, and grant such other relief as the Court deems appropriate under the circumstances.[2]

## B.    Defendants Petition is Fundamentally Flawed as it Fails to Specify, Analyze and/or Apply the Rule(s) of Law and/or Legal Standard(s) Upon Which Their Motion is Based

Defendants' petition is generically titled *Motion & Brief for Dismissal and/or for Summary Judgment on Certain Claims* and requests the Court "dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3), and/or to grant summary judgment, pursuant to Fed.R.Civ.P. 56". See [DE 136, p.1]. The nonspecific nature of Defendants petition [DE 136] is reiterated in their "Prayer" for relief:

> WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that this Court dismiss and/or grant summary judgment in Defendants' favor as to each of the claims asserted herein.
>
> See [DE 136, p.18].

Defendants do not delineate what rule of law and corresponding legal standard is applicable to each individual, independent substantive argument[3]. Essentially, Defendants conflate the basis

---

[1] Nothing is achieved by Defendants' filing of the subsequent motions [DE 139, 140, 141, and 142] other than causing increased commitment of time and expense to the parties, and unnecessary expenditure of judicial resources by reasserting the same legal arguments.

[2] "**The court may strike from a pleading** an insufficient defense or **any redundant**, immaterial, impertinent, or scandalous **matter**." FED.R.CIV.P. 12(f) (*emphasis added*).

[3] The only exception being their argument as to the viability of Plaintiffs' claims under the MAGNUSON-MOSS WARRANTY ACT [15 U.S.C. § 2301, *et seq.*]. See [DE 136, p.8 (*"Therefore,*

for their *Motion to Dismiss/Motion for Summary Judgment* and, as a result, Plaintiffs are prejudiced by having to make assumptions as to the applicable legal standard in order to oppose Defendants' separate substantive arguments.

In addition, under RULE 56, discussed in detail *infra*, a response to a motion for summary judgment is not required *unless the moving party carries the initial burden of demonstrating an absence of material questions of fact*, which Defendants' have not done.[4]

> Although Rule 56(e) does not allow a party to "rest upon the mere allegations or denials of his pleading" when his adversary moves for summary judgment, **the Rule does not relieve the movant of his duty to establish the absence of a genuine issue as to <u>material facts</u>.** The moving party still has the initial burden, under Rule 56(c), of showing the absence of a genuine issue concerning any material fact, and of showing that judgment is warranted as a matter of law.

*John v. State of La. (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 708 (5th Cir. 1985) (*emphasis added*); <u>see</u> also FED.R.CIV.P. 56(c). Instead of drawing the Court's attention to any *evidence* (*i.e., "material facts"*) in the record relevant to the arguments they assert, they merely recite the procedural history of each individual Plaintiff's case. See [DE 136, pp.1-3, § I – *Undisputed Material Facts*].

As Defendants RULE 12 and/or RULE 56 petition fails to set forth with any particularity the legal basis for Defendants' various positions, Plaintiffs' request the Court strike and/or

---

*… dismissal should be granted pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3) or, alternatively, summary judgment should be entered in Defendants favor … pursuant to Fed.R.Civ.P. 56.")*].

[4] "Simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case. That this is a common misinterpretation of the Supreme Court decisions is amply demonstrated in the thorough opinion of Judge Cox, relying to some extent on 5th Circuit cases, in *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). The law of the Fifth Circuit and the Eleventh Circuit is identical in this regard." *Russ v. International Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991).

disregard Defendants petition in its entirety, or provide such other relief as the Court deems

necessary and appropriate under the circumstances.

## II.      LEGAL STANDARDS

### A.      RULE 12(b)(1) Motion to Dismiss Standard

A motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) for lack of

subject matter jurisdiction:

> [C]an be based upon either a facial or factual challenge to the complaint. If the
> challenge is facial, "the plaintiff is left with safeguards similar to those retained
> when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised."
> [*Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)]. Accordingly, the
> "court must consider the allegations in the plaintiff's complaint as true." *Id*.
>
> A "facial attack" on the complaint "require[s] the court merely to look and see if
> [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and
> the allegations in his complaint are taken as true for the purposes of the motion."
> *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v.
> Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir. 1980)). "'Factual attacks,' on
> the other hand, challenge 'the existence of subject matter jurisdiction in fact,
> irrespective of the pleadings, and matters outside the pleadings, such as testimony
> and affidavits are considered.'" *Id*.

*McElmurray v. Consolidated Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th

Cir. 2007); see also *Morrison v. Amway Corp*., 323 F.3d 920, 925 (11th Cir. 2003). "A Rule

12(b)(1) motion should be granted *only* 'if it appears certain that the plaintiff cannot prove a

plausible set of facts that establish subject-matter jurisdiction.'" *Davis v. United States*, 597 F.3d

646, 649 (5th Cir. 2009), *cert. denied*, --- U.S. --- , 130 S.Ct. 1906 (2010) (quoting *Castro v.

United States*, 560 F.3d 381, 394 (5th Cir. 2009), *vacated on other grounds*, 608 F.3d 266 (5th

Cir. 2010)).

As Defendants' petition asserts no "factual" challenges, and cites nothing outside of the

respective Plaintiff's *Complaints*, it must be construed as stating "facial" challenges to the

Plaintiff's respective individual claims. "Facial attacks on the [Plaintiff's] complaint 'require[]

the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence*, at 1529), *in turn*, (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358), *in turn*, (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). As "facial" challenges, should the Court choose to grant any part of Defendants' RULE 12(b)(1) motion, it should also grant the particular Plaintiff affected leave to amend their complaint to allege a basis for this Court's exercise of subject-matter jurisdiction, particularly since "[a] dismissal under Rule 12(b)(1) is not on the merits, and therefore cannot have a res judicata effect." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1013 (5th Cir.1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2nd Cir. 1996))[5]; see also FED.R.CIV.P. 15(a)(2) ("*The court should freely give leave when justice so requires*.").

## B.      RULE 56 Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute *as to any material fact* and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a) (*emphasis added*); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986). "The basic issue before the court on a motion for summary judgment is 'whether *the evidence* presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Colony Ins. Co. v. C&M Constr. Co.*, 8 F.Supp.3d 1356, 1359 (S.D. Ala. 2014) (*emphasis added*) (quoting

---

[5] Lack of subject matter jurisdiction warrants a dismissal without prejudice, and, as a decision not on the merits, it "permits the plaintiff to pursue his claim in the same or in another forum." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

*Anderson*, 477 U.S. at 251-52 (1986)); see also *Septimus v. University of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. 242, 251-52 (1986)). As the parties seeking summary judgment, Defendants must inform the Court of the basis for their motion and establish that *no genuine issue of material fact exists, based upon the discovery instruments outlined in RULE 56(c)*, and they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (*emphasis added*); see also *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) ("*The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material that should be decided at trial.*") (*emphasis added*); see also *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (*same*).

> An issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 2510, 91 L.Ed.2d 202 (1986). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 1356, 89 L.Ed.2d 538 (1986).

*Tipton v. Bergrohr GMBH-Siegen,* 965 F.2d 994, 998 (11th Cir. 1992). In considering whether the Defendants are entitled to summary judgment in this case, the Court must view all facts presented in the light most favorable to the Plaintiffs:

> The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.

*Anderson*, 477 U.S. at 255 (1986); see also *Comer v. City of Palm Bay, Fla.*, 265 F.3d 1186, 1192 (11th Cir. 2001) ("*We view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party.*"); see also *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328-29 (5th Cir. 2017) ("*All evidence is viewed in the light most favorable to the nonmoving party and all*

*reasonable inferences are drawn in that party's favor*."); see also *Willis v. Roche Biomedical Laboratories, Inc.,* 21 F.3d 1368, 1371 (5th Cir. 1994) ("*Indeed, a court's determination of a summary judgment motion--whether there exist genuine issues of material fact--requires deference to the nonmoving party*."). "Moreover, the court must avoid weighing conflicting evidence or making credibility determinations." *Stewart v. Booker T. Washington Insurance*, 232 F.3d 844 (11th Cir. 2000) (citing *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1361 (11th Cir.1999), *cert. denied* 120 S.Ct. 1962 (2000)); see also *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable*, 336 F.3d 410, 412 (5th Cir. 2003); see also *Tarver v. City of Edna*, 410 F.3d 745 (5th Cir. 2005) (*credibility determinations are inappropriate at the summary judgment stage*).[6] "If reasonable minds might differ on the inferences arising from undisputed facts, the [a court] should deny summary judgment." *Colony*, at 1359 (quoting *Hinesville Bank v. Pony Exp. Courier Corp.,* 868 F.2d 1532, 1535 (11th Cir. 1989)).

As Defendants present motion is void of any "material facts" and/or evidence premised on the discovery instruments outlined in RULE 56(c), it is fundamentally flawed; Defendants do not present any factual-disagreements for the Court to analyze and determine whether Defendants are entitled to judgment as a matter of law, or whether submission to the trier of fact is required.

### III.    ARGUMENT IN OPPOSITION

#### A.    Plaintiffs' MAGNUSON-MOSS WARRANTY ACT Claims

Plaintiff Bowden and Plaintiff Bowens acknowledge that, by virtue of filing their *Motion for Class Certification* premised on the ADTPA [see DE 143], they have procedurally waived

---

[6] "Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S at 255 (1986).

their rights to seek redress under the Magnuson-Moss Warranty Act pursuant to the ADTPA's "savings clause". Code of Ala. § 8-19-15 (1975).

**B.** **Plaintiff Bowden's and Plaintiff Bowens' Alabama Deceptive Trade Practices Act Claims are Properly Asserted as a Rule 23 Class Action under Eleventh Circuit Law**

Current Eleventh Circuit law dictates Alabama resident citizens, Plaintiff Bowden and Plaintiff Bowens, may pursue their Alabama Deceptive Trade Practices Act ("the ADTPA") [Code of Ala. § 8-19-1, *et seq.* (1975).] claims as a Class Action, pursuant to Federal Rule of Civil Procedure 23. In *Lisk v. Lumber One Wood Preserving, LLC*, the Eleventh Circuit held that Federal Rule of Civil Procedure 23 allows individual litigants to assert class claims under the ADTPA, notwithstanding the statute's prohibition against doing so. See *Lisk v. Lumber One Wood Preserv., LLC*, 792 F.3d 1331 (11th Cir. 2015); see also Code of Ala. § 8-19-10(f) (1975). *Lisk* is the law of this Circuit and, in fact, this very Court has confirmed its application within the last year.

In *Carter, et al. v. L'Oréal USA, Inc., et al.*, the defendants filed a *Motion to Dismiss* plaintiffs' ADTPA claims on the exact same basis the current Defendants' emphasize; specifically, that the ADTPA expressly prohibits individuals from asserting claims on behalf of a class in light of a 2016 legislative amendment to the ADTPA stating that the statute's prohibition on class actions is a "substantive matter of state law". *Carter v. L'Oréal USA, Inc.*, 2017 U.S. Dist. LEXIS 155232 (S.D. Ala. Sept. 21, 2017), *affirmed Carter v. L'Oréal USA, Inc.*, 2017 U.S. Dist. LEXIS 166252 (S.D. Ala. Oct. 6, 2017) (*copies of which are attached hereto as* Exhibit "A" *and* Exhibit "B", *respectively*). In denying defendants *Motion to Dismiss*, the *Carter* Court stated as follows:

> The essence of Defendants' argument is that the ADTPA expressly prohibits individuals from asserting claims on behalf of a class. Defendants note that [*3] in 2016, the Alabama legislature amended the ADTPA to make clear that the

statute's prohibition on class actions is a "substantive matter of state law." (Doc. 52 at 16). According to Defendants, the Eleventh Circuit's decision in *Lisk v. Lumber One Wood Preserving, LLC, 792 F. 3d 1331 (11th Cir. 2015)*, which held that *Fed.R.Civ. P. 23* allows individual litigants to assert class claims under ADPTA, notwithstanding the prohibition in the statute, is no longer controlling in light of the 2016 amendment.

…

The only significant change between the prior statute and the new statute is that Alabama has now labeled the limitation on class actions as a "substantive limitation" and has found that "allowing a consumer or other person to bring a class action or other representative action for a violation [*7] of this chapter would abridge, enlarge, or modify the substantive rights created by this chapter." Id.

…

Clearly, the fact that Alabama has deemed ADTPA's limitation on class actions a "substantive limitation" does not mean that permitting *Rule 23* class actions under ADTPA has affected a substantive right provided by the state. A federal rule will not transgress the Enabling Act as long as it regulates only the process of enforcing rights and duties under substantive law and does not alter the underlying rights and duties themselves. See *Shady Grove, 559 U.S. at 407*.

As determined by the Eleventh Circuit in *Lisk*, Plaintiffs and other buyers are entitled to seek redress under ADTPA, and permitting *Rule 23* class actions "[does] not alter their substantive rights and obligations not a whit; with or without *Rule 23*, the parties have the same substantive rights and responsibilities." *792 F.3d at 1337*. The undersigned finds [*8] that the same holds true in the instant case notwithstanding the new language contained in the amended statute. The bottom line is that, while *Rule 23* regulates the process for enforcing the substantive rights created under ADTPA, it does not alter those rights. Consumers seeking to sue under ADTPA have the same substantive rights and responsibilities under both the old and new ADTPA statute, and they are not abridged by the assertion of class claims under *Rule 23*. Accordingly, Defendants' motion seeking to dismiss Plaintiffs' class action claims under ADTPA is due to be **DENIED**.

*Carter*, *2-8 (S.D. Ala. Sept. 21, 2017) (*emphasis in original*) (Exhibit "A" *attached hereto*).

*Carter* is well-reasoned and correctly follows *Lisk*, which it was obligated to do. See *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004); see also *Smith v. GTE Corp.*, 236 F.3d 1292, 1302-04 (11th Cir. 2001); see also *Johnson v. DeSoto Cty. Bd. of Comm'rs*, 72 F.3d 1556, 1559 n.2 (11th Cir. 1996). Accordingly, as Defendants present petition fails whether examined under

RULE 12(b)(1) or RULE 56, Plaintiff Bowden and Plaintiff Bowens respectfully request the Court enter an *Order* denying Defendants' motion as to their ADTPA claims.

### C.      Plaintiff Franks' Causes of Action for Negligent Design, Negligent Failure to Warn, Fraud and Breach of Warranty are Substantively Acceptable

First and foremost, Defendants have asserted these *exact* same arguments in their *Motion for Summary Judgment on Claims of Plaintiff Breonna Franks*, filed subsequent to their present petition. <u>See</u> [DE 139, p.11, § II.A., *and* pp.12-16, § II.C.]. Defendants should *not* be allowed "two bites at the apple". Furthermore, Plaintiff Franks should not be so prejudiced as to be required to oppose the argument twice, which in an abundance of caution she is now forced to do. As set forth above, having duplicated these arguments in their *subsequent* petition [DE 139, p.11, § II.A., *and* pp.12-16, § II.C.] the Court should strike and/or disregard Defendants inappropriate, duplicative dispositive legal arguments and grant Plaintiff Franks such other relief as the Court deems necessary under the circumstances.

### 1.      Defendants' "Facial" Challenge to Plaintiff Franks' Claims (Counts III-VI) Fails

Defendants' "facially" challenge Counts III through VI of Plaintiff Franks' *Complaint*. As such, the Court's examination is limited to whether Plaintiff Franks' "has sufficiently alleged a basis" for her claims, and "the allegations in [her] complaint are taken as true for [purposes of this motion]." *Garcia*, 1261 (*citations omitted*).

Plaintiff Franks' strongly avers her claims are <u>not</u> grounded in "defective product liability", but instead clearly request relief for Defendants' false, deceptive and/or misleading representations regarding the Products at issue:

> 101.    Defendants have been unjustly enriched by engaging in the wrongful acts and omissions set forth herein; transactions with Plaintiff and putative Class Members which were intended to result in, and did result in, sale of Defendants' Product. <u>See</u> [17-cv-00321-N, DE 1], and [DE 44], Count I – Unjust Enrichment, p.27.

101.   Defendants have been unjustly enriched after making false, deceptive and/or misleading representations in advertisements and on the labels and/or package inserts/instructions of the Product because Defendant knew, or should have known, that the representations made were unsubstantiated, false, deceptive and/or misleading. See [17-cv-00321-N, DE 1], and [DE 44], Count I – Unjust Enrichment, p.27; see also *Id.*, at ¶.102.

115.   Defendants made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between the Plaintiff … and the Defendants. See [17-cv-00321-N, DE 1], and [DE 44], Count II – Violation of the MMWA, pp.29-30 (*listing 10 specific representations regarding the Product*); see also *Id.*, at pp.31-32, ¶¶.120-121.

129.   Defendants made the foregoing express representations and warranties nationwide to all … consumers, which became the basis of the bargain … thereby creating express warranties that the Product would conform to Defendants' affirmations of fact, representations, promises and descriptions … ." See [17-cv-00321-N, DE 1], and [DE 44], Count III – Breach of Express Warranty, pp.33-34 (*listing 10 specific representations regarding the Product*); see also *Id.*, at pp.34-35, ¶.132 ("*given the nature of the breach (i.e., false representations regarding the Product")).*

142.   Defendants breached their implied warranties because the Product does not have the quality, quantity, characteristics, or benefits as promised, and be because the Product does not conform to the promises made on its labels and/or on Defendants' website. See [17-cv-00321-N, DE 1], and [DE 44], Count IV – Breach of Implied Warranty, p.37; see also *Id.*, ¶.144 ("*The Plaintiff … [was] injured … because [she] would not have purchased the Product if [she] had known the true facts – the Product did not and does not have the characteristics, quality, or value as impliedly warranted.*").

158.   As described herein, Defendants knowingly made material misrepresentations and omissions regarding the Product in their marketing and advertising materials, including the package in which the Product is sold and which contains the Product. See [17-cv-00321-N, DE 1], and [DE 44], Count V – Fraud, p.38; see also *Id.*, ¶.159 ("*Defendants made these materials misrepresentations and omissions in order to induce the Plaintiff … to purchase the Product.*"); see also *Id.*, pp.38-39, ¶.160 (*listing 6 specific "false and/or misleading representations"*).

161.   The facts which Defendants omitted, suppressed, and/or concealed as alleged in the preceding paragraph were material in that they concerned facts that would have been important to a reasonable consumer, including the Plaintiff …, in making a decision as to whether to purchase the Product. See [17-cv-00321-N, DE 1], and [DE 44], Count V – Fraud, p.39; see also *Id.*, p.39, ¶.162 ("*The misrepresentations and omissions made by Defendants, upon which the Plaintiff*

> *... reasonably and justifiably relied, were intended to induce and did actually induce the Plaintiff ... to purchase the Product.*").

177.   Notwithstanding the aforementioned duty, Defendants were negligent by one or more of the following acts or omissions in that the Defendants:

  e.   Oversold the benefits while minimizing the true risks of suffering Injuries associated with use of the Product. See [17-cv-00321-N, DE 1], and [DE 44], Count VI – Negligent Design and Failure to Warn, pp.42-43.

Moreover, authority exists supporting Plaintiff Franks' position that the MISSISSIPPI PRODUCTS LIABILITY ACT [MISS. CODE § 11-1-63, *et seq.* ("the MPLA")] does not apply if the claims against the manufacturer are not premised in a "product's defects". In *Elliot v. El Paso Corp.*, the Mississippi Supreme Court noted as follows:

> [I]n [*R.J. Reynolds Tobacco Co. v. King,* 921 So.2d 268, 272 (Miss. 2005) we simply stated the obvious: the MPLA "precludes all tobacco cases *based upon products liability*, not *all* tobacco cases, which could be based on other possible theories of recovery."
>
> If the plaintiffs in this case had alleged negligence claims against the manufacturer and seller that were unrelated to the [product's] alleged defects – for instance, fraud, misrepresentation, or breach of the implied warranty of merchantability – then the MPLA would not have applied and common-law principles would have controlled. But all of Plaintiffs' negligence or strict-liability claims are based on the damages purported caused by alleged defects in the [product], so we must analyze those claims under the MPLA.

*Elliot v. El Paso Corp.*, 181 So.3d 263, 269 (Miss. 2015) (*emphasis in original*). Accordingly, Defendants' having demonstrated zero "material facts in dispute", their motion fails under RULE 56 for the reasons set forth above. Viewed as a RULE 12(b)1 "facial challenge", accepting the allegations in Plaintiff Franks' *Complaint* as true, Defendants' petition is due to be denied - Plaintiff Franks *has* proven "a plausible set of facts that establish subject-matter jurisdiction". See *Davis*, at 649.

Even taking Defendants' challenge(s) at face-value, assuming *arguendo* that their argument holds water, Plaintiff Franks has substantively pled plausible MPLA claims; she just did not articulate them as such. See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103 (1957), *abrogated in part, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007).[7]

> The function of a complaint under the Federal Rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Thus, the fact that a plaintiff pleads an improper legal theory does not preclude recovery under the proper theory. *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707 (8th Cir. 1979).

*Doss v. South Cent. Bell Telephone Co.*, 834 F.2d 421, 425 (5th Cir. 1987).[8]

> If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).

*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Significantly, Defendants were each able to file an *Answer* to Plaintiff Franks' *Complaint* on March 29, 2018, because they

---

[7] See also *Cook v. Campbell*, 482 F.Supp.2d 1341, 1355 (M.D. Ala. 2007) (*construing plaintiffs complaint as asserting ERISA claims "in order to accomplish substantial justice"*) (citing *Heffner v. Blue Cross and Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1338 (11th Cir. 2006) (*construing one of plaintiffs' claims "as arising under § 502(a)(1)(B) because the nature of the claim and the remedies sought with it fall within the scope of relief authorized by that ERISA provision"*); see also *Reno v. East Baton Rouge Parish School Bd.*, 697 F. Supp.2d 659, 662 (M.D. La. 2010) (*"[c]onstruing the complaint to do justice as is required by Rule 8(e)", the court held "plaintiff [had] properly asserted her claims"*).

[8] "[D]emand of an improper remedy is not fatal to a party's pleading if the statement of the claim is otherwise sufficient to show entitlement to a different form of relief. 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE Sec. 1255 (1969); see *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569, 581 (7th Cir.1975), *cert. denied*, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976) (*court will grant relief to which plaintiff is entitled even though he has not demanded it*)." *Id.*, n.3.

were on notice of and readily understood the claims being made against them. See [17-cv-00321-N, DE 5, 6, 7, 8 and 9], and [DE 44]. Otherwise, Defendants could have filed a RULE 12(b) motion as their initial responsive pleading instead of answering Plaintiff Franks' *Compliant*. Hence, pursuant to RULE 8(e), which requires that all "[p]leadings must be construed so as to do justice", the Court should not jettison Plaintiff Franks' case, particularly on any assumption that actual proof of her case is improbable or that her chances of succeeding are remote and/or unlikely. Instead, the Court should issue an *Order* construing Counts III through VI of Plaintiff Franks' *Complaint* as claims asserted under the MPLA.

Alternatively, the Court should grant Plaintiff Franks leave to amend her *Complaint* to allege Counts III through VI as MPLA claims pursuant to RULE 15(a)(2). Such an amendment (*i.e., clarification*) would in no way be a "new proceeding" or alter the substance of her claims. It would simply be a stylistic modification to the terminology as to the basis for her claims; specifically, that they are brought pursuant to and/or consistent with the MPLA. There would be no prejudice to the Defendants' as they are clearly on notice of the claims against them, having filed *Answers* against Plaintiff Franks' claims. Plaintiff Franks' action should be granted at least a chance to amend, particularly in light of the circumstances as set forth above and the fact that "[a] dismissal under Rule 12(b)(1) is not on the merits, and therefore cannot have a res judicata effect." See *Home Builders Ass'n of Miss.*, at 1013 and *Hitt*, at 608. To dismiss her case would defeat general principles of judicial economy and convenience, making her refile her case, starting anew.

Accordingly, Plaintiff Franks respectfully requests the Court enter an *Order* denying Defendants petition or, alternatively, (i) construing Counts III through VI of her *Complaint* as presenting claims under the MPLA, or (ii) granting her leave to amend the terminology as to the

basis for Counts III through VI; specifically, that they are brought pursuant to and/or consistent with the MPLA.

**D.      Plaintiff Taylor's Causes of Action for Negligent Design, Negligent Failure to Warn, Fraud, Unjust Enrichment, and Breach of Warranty are Substantively Acceptable**

Once again, just as with Plaintiff Franks', Defendants have asserted these *exact* same arguments against Plaintiff Taylor in their *Motion for Summary Judgment on Claims of Plaintiff Breonna Franks*, filed subsequent to their present petition. See [DE 140, pp.11-12, § II.A., pp.13-18, § II.C., *and* p.19, § II.D.]. Likewise, Defendants should *not* be allowed "two bites at the apple" as to Plaintiff Taylor and she should not be prejudiced and forced to oppose their argument twice, which in an abundance of caution she is now compelled to do. Having duplicated these arguments in their *subsequent* petition [DE 140, pp.11-12, § II.A., pp.13-18, § II.C., *and* p.19, § II.D.] the Court should strike and/or disregard Defendants inappropriate, duplicative dispositive legal arguments and grant Plaintiff Taylor such other relief as the Court deems necessary under the circumstances.

**1.      Defendants' "Facial" Challenge to Plaintiff Taylor's Claims (Counts I, III, IV and V) Fails**

Since Defendants' "facially" challenge Counts I, III, IV and V of Plaintiff Taylor's *Complaint*, the Court's examination is limited to whether Plaintiff Franks' "has sufficiently alleged a basis" for her claims, and "the allegations in [her] complaint are taken as true for the [purposes of this motion]." *Garcia*, 1261 (*citations omitted*).

Like Plaintiff Franks, Plaintiff Taylor strongly asserts her claims are <u>not</u> grounded in "defective product liability", but instead clearly request relief for Defendants' false, deceptive and/or misleading representations regarding the Products at issue:

> 100.      Defendants have been unjustly enriched by engaging in the wrongful acts and omissions set forth herein without cause; transactions with Plaintiff and putative

Class Members which were intended to result in, and did result in, sale of Defendants' Product. See [1:18-cv-00070-WS-B, DE 1], Count I – Unjust Enrichment, p.35.

101.   Defendants have been unjustly enriched after making false, deceptive and/or misleading representations in advertisements and on the labels and/or package inserts/instructions of the Product because Defendants knew, or should have known, that the representations made were unsubstantiated, false, deceptive and/or misleading. See [1:18-cv-00070-WS-B, DE 1], Count I – Unjust Enrichment, p.35; see also Id., at ¶.102.

115.   Defendants made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between the Plaintiff … and the Defendants. See [1:18-cv-00070-WS-B, DE 1], Count II – Violation of the MMWA, pp.37-38 (listing 10 specific representations regarding the Product); see also Id., at p.39, ¶¶.120-121.

129.   Defendants made the foregoing express representations and warranties nationwide to all … consumers, which became the basis of the bargain … thereby creating express warranties that the Product would conform to Defendants' affirmations of fact, representations, promises and descriptions … ." See [1:18-cv-00070-WS-B, DE 1], Count III – Breach of Warranty, pp.41-42 (listing 10 specific representations regarding the Product); see also Id., at pp.43, ¶.132 ("given the nature of the breach (i.e., false representations regarding the Product")).

142.   Defendants breached their implied warranties because the Product is redhibitory and does not have the quality, quantity, characteristics, or benefits as promised, and be because the Product does not conform to the promises made on its labels and/or on Defendants' website. See [1:18-cv-00070-WS-B, DE 1], Count III – Breach of Warranty, p.43.

158.   As described herein, Defendants knowingly made material misrepresentations and omissions regarding the Product in their marketing and advertising materials, including the package in which the Product is sold and which contains the Product. See [1:18-cv-00070-WS-B, DE 1], Count IV – Fraud, p.44; see also Id., pp.44-45, ¶.159 ("Defendants made these materials misrepresentations and omissions in order to induce the Plaintiff … to purchase the Product."); see also Id., pp.45, ¶.160 (listing 6 specific "false and/or misleading representations").

161.   The facts which Defendants omitted, suppressed, and/or concealed as alleged in the preceding paragraph were material in that they concerned facts that would have been important to a reasonable consumer, including the Plaintiff …, in making a decision as to whether to purchase the Product. See [1:18-cv-00070-WS-B, DE 1], Count IV – Fraud, p.46; see also Id., ¶.163 ("The misrepresentations and omissions made by Defendants, upon which the Plaintiff

> *... reasonably and justifiably relied, were intended to induce and did actually induce the Plaintiff ... to purchase the Product.*").

177.   Notwithstanding the aforementioned duty, Defendants were negligent by one or more of the following acts or omissions in that the Defendants:

e.   Oversold the benefits while minimizing the true risks of suffering Injuries associated with use of the Product. See [1:18-cv-00070-WS-B, DE 1], Count V – Negligent Design and Failure to Warn, pp.49-50.

Examining Defendants "facial challenge" to Plaintiff Taylor's pleadings, just as Defendants were each able to file a responsive pleading to Plaintiff Franks' *Complaint*, each was also able to file an *Answer* to Plaintiff Taylor's *Complaint* on March 29, 2018, because they were on notice of and readily understood the claims being made against them. See [DE 88, 89, 90, 91 and 92]. Otherwise, Defendants could have readily filed a RULE 12(b) motion as their initial responsive pleading instead of answering Plaintiff Taylor's *Compliant*. As stated above, Defendants' have demonstrated zero "material facts in dispute" so their motion fails under RULE 56. Viewed as a RULE 12(b)1 "facial challenge", and accepting the allegations in Plaintiff Taylor's *Complaint* as true, Defendants' petition is due to be denied - Plaintiff Taylor *has* proven "a plausible set of facts that establish subject-matter jurisdiction" in her case. See *Davis*, at 649.

Nevertheless, again taking Defendants' challenge(s) at face-value and assuming *arguendo* that their argument holds water, Plaintiff Taylor has substantively pled plausible LPLA claims; she just did not articulate them as such. See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); see also *Doss*, at 425; see also *Beanal*, at 164.[7, 8] Hence, pursuant to RULE 8(e), which requires that her "[p]leadings must be construed so as to do justice", the Court should issue an *Order* construing Counts I, III, IV and V of Plaintiff Taylor's *Complaint* as claims as properly asserted under the LPLA. For instance, in *Becnel v. Mercedes-Benz USA, LLC*, the plaintiff pled "claims for negligence, strict liability/design defect, strict liability/failure to warn,

breach of implied warranty of merchantability, breach of implied warranty of fitness of use, fraudulent concealment, and violations of LUTPA." *Becnel v. Mercedes-Benz, USA, LLC*, Civil Action No: 14-0003, *13 (E.D. La. May 13, 2014) (*a copy of which is attached hereto as* Exhibit "C" *for reference*). However, the plaintiff's complaint did not "specifically allege whether his claims arise under LPLA or under independent causes of action … ". *Id.* The Eastern District of Louisiana court, however, held the plaintiff had "clearly invoke[d] the LPLA even if he [did] not do so expressly". *Id.*, at *15. Of note, the *Becnel* court also held that (i) although the plaintiffs failure to warn claims "border[ed] on conclusory", his complaint was "sufficient to put [the moving defendant] on notice of the failure to warn claim against it" [*Id.*, at *18], (ii) "[e]ven when the LPLA applies, plaintiffs still have a separate redhibition claim because such claims are not precluded by the LPLA" [*Id.*], (iii) although the plaintiff never uses the word "redhibition, it is clear from his allegations that he intends to allege, and successfully does allege" a redhibition claim [*Id.*, 18-19]; (iv) plaintiff had alleged "sufficient facts to state a claim for negligence, as evidenced by the prior finding that he stated a claim for failure to warn" [*Id.*, *20], (iv) plaintiff's breach of implied warranty claims were covered by his redhibition claim and that the "mislabeling of his claims is not grounds for dismissal" (*and urging plaintiff to amend to "reflect the proper labels for his claims"*) [*Id.*, *21], (v) that the assertion defendant had "committed fraud by concealing or suppressing the truth about the defect [in the products], which gave plaintiffs the misimpression [the products] were not defective and induced them to purchase them" was sufficient to state a claim for fraud [*Id.*, *22], and (vi) allowed plaintiff leave to amend "to ensure that the court is operating under the correct and most complete set of facts" [*Id.*, *23].

Alternatively, like Plaintiff Franks, should the Court see fit to grant any part of Defendants' RULE 12(b)(1) motion as to Plaintiff Taylor, it should also grant her leave to amend her *Complaint* to allege Counts I, III, IV and V as LPLA claims pursuant to RULE 15(a)(2), particularly since the deadline for amending pleadings passed well before Plaintiff Taylor's case was even transferred to this Court. See [DE 36, p.2, § 4 – *"Any motion for leave to amend the pleadings ... must be filed by **September 29, 2017**." (emphasis in original)*].[9] Such an amendment (*i.e., clarification*) would in no way be a "new proceeding" or alter the substance of her claims, but would simply be a stylistic modification to the terminology as to the basis for her claims; specifically, that they are brought pursuant to and/or consistent with the LPLA. There is no prejudice to the Defendants' as they are clearly on notice of the claims against them, having filed *Answers* and litigating against them, and permitting Plaintiff Taylor leave to amend would be consistent with the fundamental goal of the FEDERAL RULES OF CIVIL PROCEDURE. See *Conley*, 355 U.S. at 48, 78 S.Ct. at 103 (1957), *abrogated in part, Twombly*, 550 U.S. at 563, 127 S.Ct. at 1969 (2007). Dismissing Plaintiff Taylor's action without granting her even one chance to amend, particularly in light of the circumstances as set forth above and the fact that "[a] dismissal under Rule 12(b)(1) is not on the merits, and therefore cannot have a res judicata effect" [see *Home Builders Ass'n of Miss.*, at 1013 and *Hitt*, at 608], would defeat general principles of judicial economy and convenience. Plaintiff Taylor would, like Plaintiff Franks, be forced to turn around and refile her case, starting over again.

---

[9] As previously noted, Plaintiff Taylor's case was transferred to the Southern District of Alabama, on motion of the Defendants, and consolidated with the other plaintiffs/cases under Civil Action No.: 1:16-cv-00622 on March 19, 2018 [DE 85 and DE 86], and Defendants' did not file *Answers* to Plaintiff Taylor's *Complaint* until March 29, 2018. See [DE 88, 89, 90, 91 and 92].

Accordingly, Plaintiff Taylor respectfully requests the Court enter an *Order* denying Defendants petition or, alternatively, (i) formally construing Counts I, III, IV and V of her *Complaint* as presenting claims under the LPLA, or (ii) granting her leave to amend the terminology as to the basis for Counts I, III, IV and V; specifically, that they are brought pursuant to and/or consistent with the LPLA.

## IV.    CONCLUSION

For all of the foregoing reasons, the respective Plaintiffs request the Court grant the relief requested herein.

Respectfully submitted, this the 23rd day of July, 2018:

/s/ W. Lewis Garrison, Jr.
W. Lewis Garrison, Jr.
wlgarrison@hgdlawfirm.com
William L. Bross
william@ghdlawfirm.com
Brandy Lee Robertson
brandy@hgdlawfirm.com
Honza J. Prchal
honza@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, AL 35203
Telephone: 205.326.3336
Facsimile: 205.380.8072

/s/ K. Stephen Jackson
K. Stephen Jackson
steve@jacksonandtucker.com
Joseph L. "Josh" Tucker
josh@jacksonandtucker.com
JACKSON & TUCKER, P.C.
2229 First Avenue North
Birmingham, AL 35203
Telephone: 205.252.3535
Facsimile: 205.252.3536

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this the 23rd day of July, 2018, served a copy of the foregoing upon all parties to this matter by electronically filing the same with the Court's CM/ECF electronic filing system, which will cause a copy to be electronically served on all counsel of record.

/s/ Joseph L. Tucker
Joseph L. "Josh" Tucker
josh@jacksonandtucker.com
JACKSON & TUCKER, P.C.
2229 First Avenue North
Birmingham, AL 35203
Telephone: 205.252.3535
Facsimile: 205.252.3536