# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAMIKA JONES, on behalf of herself and all others similarly situated, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 16-0622-WS-B ) |
| COTY INC., *et al.*, | ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court *sua sponte*. On September 14, 2018, the undersigned entered an omnibus Order (doc. 169) addressing numerous pending motions, including six summary judgment motions, in these consolidated cases. With respect to plaintiff Brianna Franks, the September 14 Order directed the parties to show cause, on or before September 28, 2018, why Franks' surviving individual claims should not be dismissed for lack of federal subject-matter jurisdiction. The September 28 deadline has expired with no response from any parties to the show-cause portion of the omnibus Order.

In her Class Action Complaint (doc. 44-1) originally filed in the U.S. District Court for the Southern District of Mississippi, prior to consolidation in this Court, Franks alleged that federal jurisdiction was proper "pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member, Plaintiff Breonna Franks, is a citizen of a state different from at least one Defendant." (Doc. 44-1, ¶ 9.) Franks' Class Action Complaint lacked any other jurisdictional allegations. We now know that Franks has chosen not to pursue any class claims, but instead advances purely individual claims as set forth in her Complaint.[1] In

---

[1] We know this to be so because Plaintiffs' Motion for Class Certification (doc. 143) is confined to the claims of plaintiffs Diane Bowden and Carrie Bowens for violation of the Alabama Deceptive Trade Practices Act. Plaintiffs do not seek class certification of any claim that was or could have been brought by Franks.

the wake of the summary judgment ruling, Franks' only remaining causes of action against defendants are purely individual claims under Mississippi law for unjust enrichment (Count I) and breach of express warranty (Count III). Obviously, jurisdiction cannot lie pursuant to 28 U.S.C. § 1332(d) as to Franks' Complaint because Franks is no longer pursuing any class claims.

While Franks' individual state-law claims might be subject to supplemental jurisdiction under 28 U.S.C. § 1367 (because original jurisdiction was initially proper as to her class claims), the subsequent dismissal / abandonment of her class claims weighs in favor of this Court declining to exercise such supplemental jurisdiction and instead dismissing the remaining claims without prejudice. *See, e.g., Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well."); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because no basis for original federal jurisdiction presently exists, the district court has discretion to decline to exercise supplemental jurisdiction."); *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("[T]his Court finds that the state law claims remaining in this action are best resolved by the Georgia courts. This is especially true here where the Court is dismissing Plaintiffs' federal law claim prior to trial."). The propriety of this result is reinforced by the facts that: (i) no party elected to be heard in response to the Show Cause Order; and (ii) Franks' claims are brought under Mississippi law, whereas the only remaining class claims joined in this action sound exclusively under Alabama law (for violation of the Alabama Deceptive Trade Practices Act). Such Mississippi claims are best resolved by Mississippi courts.

For all of the foregoing reasons, the Court in its discretion elects not to exercise supplemental jurisdiction over plaintiff Brianna Franks' remaining individual state-law claims asserted against defendants. Accordingly, Franks' Class Action Complaint (doc. 44-1) is **dismissed without prejudice** to her ability to refile in state court.

DONE and ORDERED this 2nd day of October, 2018.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE