**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CARRIE BOWENS, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 1:16-cv-622-TFM-B |
| COTY INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER

Pending before the Court is *Plaintiffs' Motion for Class Certification and Memorandum of Law in Support Thereof* ("motion to certify class").  Doc. 143, filed June 26, 2018.  Plaintiff Carrie Bowens[1] ("Plaintiff" or "Bowens"), individually and on behalf of all others similarly situated, moves the Court, pursuant to Fed. R. Civ. P. 23, to certify their class claims that Defendants violated Alabama's Deceptive Trade Practices Act ("ADTPA"), ALA. CODE. §§ 8-19-1 to 19-15.  Doc. 143, at 13.[2]

## PROCEDURAL BACKGROUND

On December 16, 2016, Shamika Jones filed a Class Action Complaint in this Court in which she brought claims against Defendants that were based on personal injury and were alleged to have been caused by her use of a hair coloring product, Clairol Balsam Color that contained p-Phenylenediamine.  Doc. 1.  Jones's Complaint included a purported nationwide class and an

---

[1] Plaintiff Diane Bowden was dismissed with prejudice by the Court's order on Defendants' Motion for Summary Judgment on Claims of Plaintiff Diane Bowden and Brief in Support Thereof, Doc. 141.  Doc. 169.  The instant motion was filed prior to the Court's order.  Although the instant motion is styled on behalf of Diane Bowden and Carrie Bowens, only Bowens remains.

[2] Plaintiff's instant motion is redacted, Doc. 143, and an unredacted version and accompanying exhibits were filed under seal , Docs. 144 & 146-1.

Alabama subclass. *Id.*, ¶¶ 82 & 84. Subsequently filed actions were transferred to this Court and consolidated with this action. Docs. 27, 30, 43, & 85. Those actions include the complaint of Bowden that was filed on February 28, 2017, in the United States District Court for the Northern District of Alabama (Doc. 29-1); the complaint of Bowens that was filed on March 1, 2017, in the United States District Court for the Middle District of Alabama, *Bowens v. Coty, Inc.*, No. 1:17-cv-00192-MU, Doc. 20 (S.D. Ala. May 2, 2017); the complaint of Breonna Franks that was filed on May 25, 2017, in the United States District Court for the Southern District of Mississippi, *Franks v. Coty, Inc.*, No. 1:17-cv-00321-N, Doc. 1 (S.D. Ala. May 25, 2017); and the complaint of Tara Taylor that was filed on October 23, 2017, in the United States District Court for the Western District of Louisiana, *Taylor v. Coty, Inc.*, No. 1:18-cv-00070-WS-B, Doc. 1 (S.D. Ala. Oct. 23, 2017).

On June 26, 2018, Defendants filed their motions for summary judgment against each of the named plaintiffs in this action as well as on certain class claims. *See generally* Docs. 136-37 & 139-42. On the same date, Plaintiffs filed their motion to certify class and motion to appoint class counsel. *See generally* Docs. 143 & 145. After the Court entered its ruling on Defendants' motions for summary judgment and on certain class claims, only Plaintiff's ADTPA claim and Franks's Mississippi state law claims survived. Doc. 169, at 37-38. On October 2, 2018, Franks's claims were dismissed without prejudice for lack of subject matter jurisdiction and because the Court declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Doc. 170.

On January 29, 2019, Plaintiff filed her Request for Briefing Schedule or Ruling on Plaintiff's Motion for Class Certification in which she requested the Court to either enter a briefing schedule for, or rule on, her motion to certify class. Doc. 172. The Court granted Plaintiff's request that the Court enter a briefing schedule for her motion to certify class but denied her request that the Court rule on her motion to certify class. Doc. 174. Defendants filed their response to the

motion to certify class, Doc. 176, and Plaintiff filed her reply, Doc. 181.

**DISCUSSION**

Plaintiff's original proposed class definition in their motion to certify class is as follows:

> All resident citizens of the State of Alabama who purchased the Clairol Balsam Color hair dye "Black | 618", "Natural Black | 12", and/or "Dark Brown | 615" for personal, family, or household use from February 20, 2013, to the present day.

> Excluded from the class are (i) any person who purchased Clairol Balsam Color hair dye "Black | 618", "Natural Black | 12", and/or "Dark Brown | 615" for resale and not personal, family, or household use, (ii) any person who signed a release of any Defendant in exchange for consideration, (iii) any officers, directors, or employees, or immediate family members of the officers, directors, or employees of any Defendant or any entity in which any Defendant has a controlling interest, (iv) any legal counsel of employee of legal counsel for any Defendant, and (v) the presiding Judges in this legal action, as well as the Judges' staff and their immediate family members.

Doc. 143, at 32 (footnote omitted).

Defendants' response to Plaintiff's motion to certify class addresses Plaintiff's original proposed class definition, *compare id. with* Doc. 176, at 6-25; however, in Plaintiff's reply to the motion to certify class, she proposes a class definition that is modified to conform to the rulings of this Court, which have left her as the sole remaining plaintiff.[3] Plaintiff's proposed modified class definition is as follows:

> All resident citizens of the State of Alabama who purchased the Clairol Balsam Color hair dye "Black | 618" and/or "Natural Black | 12"," within the State of Alabama for personal, family, or household use from March 1, 2013, to the present day. Excluded from the class are (i) non-resident citizens of the State of Alabama, (ii) any resident citizen of the State of Alabama who purchased Clairol Balsam Color hair dye "Black | 618" and/or "Natural Black | 12" outside of the State of Alabama, (iii) any person who purchased Clairol Balsam Color hair dye "Black | 618" and/or "Natural Black | 12" for resale and not personal, family, or household use, (iv) any person who signed a release of any Defendant in exchange for consideration, (v) any officers, directors, or employees, or immediate family members of the officers, directors, or employees of any Defendant or any entity in which any Defendant has a controlling interest, (vi) any legal counsel of employee of legal counsel for any Defendant, and (vii) the presiding Judges in

---

[3] Plaintiff states in her reply her proposed modified class definition is "consistent with the filing of [her] *Compalint* (*i.e.*, March 1, 2017 [ ]) and the statute of repose set forth in the ADTPA." Doc. 181, at 1 n.2 (citation omitted).

this legal action, as well as the Judges' staff and their immediate family members. Doc. 181, at 1-2 (footnote omitted).[4] Based on the rulings of the Court, it finds Plaintiff's proposed modified class definition should be considered, but she should specifically file a motion and brief the newly proposed class. Additionally, Defendants will receive a full and fair opportunity to address the modified proposed class definition. Further, the Court finds the original proposed class has been rendered moot both by the Court's prior rulings and Plaintiff's own request.

Accordingly, Plaintiff's motion to certify class, Doc. 143, and her Motion to Appoint Class Counsel, Doc. 145, are **DENIED as moot** *with leave to reassert using the new proposed definition*. Plaintiff's motions pertaining to the class request and class counsel are due on or before **April 12, 2019**. Any response from Defendants' shall be filed on or before **April 26, 2019**, with any reply from Plaintiff due on or before **May 3, 2019**. The motions shall be fully submitted without oral argument unless the Court later determines oral argument may be beneficial.

Additionally, the Court provisionally granted the motions for leave to file exhibits under seal. *See* Docs. 183-84. However, since new motion regarding class certification will be filed, the Court finds those documents will remain under seal at this time. Prior to filing the new motion to certify class, Plaintiff is **DIRECTED** to confer with Defendants regarding exhibits that may be subject to the protective order and determine what matters they can agree are subject to the common-law right of access to judicial proceedings. The parties are reminded they should review the Court's prior orders, Docs. 183-84, with regard to the *Chicago Tribune* and *Romero* factors. Briefing on any matters either party or both parties wish to be filed under seal shall be due on or

---

[4] While Plaintiff in her Request for Briefing Schedule or Ruling on Plaintiff's Motion for Class Certification suggested in a footnote the proposed class definition should be modified to conform to the rulings of this Court, Doc. 172, at 2 n.1, if she wanted to amend her proposed class definition, she should have done so by motion. However, regardless of that failure, the Court does find it appropriate to allow a new motion to be filed, so Defendants have a full and fair opportunity to respond.

before **April 1, 2019**.  Meanwhile, all prior documents placed under seal will remain under seal and Plaintiff's motions for leave to file exhibits under seal, Docs. 133 & 177, are **DENIED as moot**.

**DONE** and **ORDERED** this the 18th day of March 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE