# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CARRIE BOWENS, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 1:16-cv-622-TFM-B |
| COTY INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER

Pending before the Court is a *Stipulation for Dismissal With Prejudice Under Federal Rule of Civil Procedure 41(a)* (Doc. 193, filed August 7, 2019) wherein Plaintiff Carrie Bowens and Defendants Coty, Inc.; The Procter & Gamble Manufacturing Co., Inc.; The Procter & Gamble Distributing, L.L.C.; Procter and Gamble Hair Care, L.L.C.; and The Procter & Gamble Company, Inc., stipulate to the dismissal of the action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). However, for the reasons discussed below, the Court instead construes the document as a motion for a court order of dismissal, pursuant to Fed. R. Civ. P. 41(a)(2).[1]

A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared.

---

[1] Since the Court construes the parties' stipulation for dismissal as a motion pursuant to Fed. R. Civ. P. 41(a)(2), the Clerk of Court may disregard the fact that the signature of Defendants' counsel does not indicate that it is electronically signed with permission.

In the case at hand, while both Plaintiff Bowens and Defendants have signed the stipulation of dismissal, there is the question as to the purported class claims brought in the complaint and amended complaint.  Moreover, the parties do not address it in their stipulation of dismissal.  The stipulated dismissal certainly resolves the individual claims between Plaintiff Bowens and Defendants.  However, as the class certification issue was never addressed, the settlement does not (and cannot) address any purported class claims except to the extent Plaintiff Bowens can no longer be the class representative.  Thus, for clarity, the Court must ensure that there is no future confusion on this issue.

Therefore, upon consideration of the motion (Doc. 193), it is hereby **ORDERED** that the motion is **GRANTED as modified**.  All of Plaintiff Bowens's individual claims against Defendants Coty, Inc.; The Procter & Gamble Manufacturing Co., Inc.; The Procter & Gamble Distributing, L.L.C.; Procter and Gamble Hair Care, L.L.C.; and The Procter & Gamble Company, Inc., are **DISMISSED with prejudice**, with each party to bear their own costs.  The class claims are **DISMISSED without prejudice**.

**DONE** and **ORDERED** this the 7th day of August 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE